# Wytheville.

## C. R. WILLIAMS, ADMINISTRATOR OF AUGUSTA B. WILLIAMS, DECEASED, v. LYNCHBURG TRACTION AND LIGHT COMPANY.

### June 11, 1925.

Argued before Judge Chichester took his seat.

1. STREET RAILROADS—*Death of Infant—Instructions—Imputable Negligence—Partial View of the Evidence—Inconsistency.*—In the instant case, an action for the death of an infant killed by a street car striking an automobile, in which the infant was riding driven by her farther, an instruction is erroneous which fairly construed inferentially imputes the negligence of the driver of the automobile to the infant passenger therein, and denies a recovery on that ground, unless entitled under the last clear chance rule, just as if she had been an adult, and the negligence of her father could have been so imputed to her. The instruction was also erroneous as to being inconsistent with another instruction given in the case and as directing a verdict for the defendant on a partial view of the evidence.

2. STREET RAILROADS—*Death of Infant—Imputable Negligence—Proximate Cause—Question for Jury—Judgment by Appellate Court.*—In the instant case, an action for the death of an infant killed by a collision between a street car and an automobile driven by the infant's father, in which the infant was riding, the question was whether the proximate cause of the collision was the negligence of the infant's father or the negligence of the company in failing to keep a proper outlook, in failing to keep the car under control, and in operating the car at an excessive rate of speed. Both sides contended that the evidence clearly supported their view of the case, and that the Supreme Court of Appeals should render a judgment accordingly. But that court was of the opinion that the circumstances were such as to present questions of fact which should be submitted to a jury.

3. STREET RAILROADS—*Collision with Automobile—Death of Infant—Instructions—Imputable Negligence—Proximate Cause—A Proper Instruction Refused then Granted After the Argument—Case at Bar.*—In the instant case, an action for the death of an infant killed in an automobile driven by her father, when the automobile collided with

a street car, plaintiff asked for an instruction to the effect that the law conclusively presumes that the infant was incapable of contributory negligence; that though the jury might believe that her father or brother with whom she occupied the automobile, or both of them, were guilty of negligence which contributed to her death, such negligence could not bar recovery by the plaintiff; that if the jury believed from the evidence that the motorman of the street car was guilty of the negligence charged, and that such negligence on his part caused or proximately contributed to the collision, then they should find for the plaintiff, notwithstanding that they might also believe that infant's father or brother were also guilty of negligence; and if the jury believed the motorman was not guilty of negligence which caused or proximately contributed to the collision and the consequent death of the infant, then they should find for the defendant. The trial court refused to give the instruction when asked for, but after the jury had retired and returned to the court room, granted the instruction, but refused to permit further argument.

*Held:* That the instruction was proper, and should have been granted when offered.

4. INSTRUCTIONS—*Expression of Doubt by Judge as to Correctness of Instructions—Case at Bar.*—In the instant case, an action for the death of an infant in a collision between a street car and an automobile, plaintiff asked for an instruction which the court refused. After the jury returned to court for the purpose of having the stenographer read over to them the testimony of a witness, and before they again retired to consider their verdict, the court announced that it had determined to give the instruction asked for by the plaintiff which had been refused, but at the same time stated to the jury that the court was doubtful about the instruction, and then read and handed it to them.

*Held:* Reversible error.

5. INSTRUCTIONS—*Expression of Doubt by Judge as to Correctness of Instructions.*—However dubious a trial judge may be as to an instruction, when and after he determines to give it, it becomes in that forum the law of that case. The jury have no right either to inquire further or to disregard it. It is their bounden duty to obey it. So that when a trial judge tells the jury that he is in doubt about an instruction, this is a contradiction in terms, and he thereby destroys its legal effect.

6. STREET RAILROADS—*Collision with Automobile—Action for the Death of Infant in the Automobile—Proximate Cause Vital Issue in the Case.*—In an action by an administrator for the death of his intestate, an infant killed while riding in an automobile driven by her father which collided with a street car, the vital issue is not the contributory negligence of the child's father as the driver of the car. That issue is whether or not there was actionable negligence of the agents of

the defendant company which was the proximate cause of the injury. Of course, in order to determine that proximate cause, the conduct of the driver of the automobile and his alleged negligence must be fully presented to the jury and carefully considered by them, and this for the purpose of determining whether his conduct should be held to be the sole proximate cause of the injury. If it was such proximate cause, the action lies against him alone, and there can be no recovery against the company. If, however, both were negligent and the negligence of both operating together was the proximate cause of the injury, then the plaintiff has a right of action against either or both.

Error to a judgment of the Circuit Court of the city of Lynchburg in a proceeding by motion for a judgment for damages. Judgment for defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*Volney E. Howard* and *S. Duval Martin*, for the plaintiff in error.

*S. V. Kemp*, for the defendant in error.

PRENTIS, P., delivered the opinion of the court.

This action grows out of a collision between a street car of the defendant company with a Ford automobile (converted into a truck), which was crossing its track. The plaintiff's intestate was a child less than four years of age. The administrator is her brother. Her father, John L. Williams, was driving the car, and came through an alleyway located at right angles to the car track. The single track was on the west side of McKinley avenue, a county road, and it was necessary for the driver of the automobile to cross the rails in order to reach the driveway of the street generally used by the public.

The briefs contain elaborate discussions of the evidence and of many phases of the law of negligence, which we shall not attempt to follow. There are some rules of law which are settled, and these do not require constant repetition by the courts. The problem in most cases is to apply the law to the facts, and as the evidence is generally conflicting, this case like most only presents issues of fact which must be submitted to a jury. In this case the jury found a verdict for the defendant, which, under the testimony shown in the record, would be held conclusive here if the jury had been properly instructed.

Many errors are assigned. Most of them may be summarized by the claim that the case was tried upon an erroneous theory; that erroneous theory being that the plaintiff could not recover if the negligence of her father, the driver of the automobile, proximately contributed to her death. The learned counsel for the defendant company, however, positively denies this claim, and freely admits here that the child herself could not be guilty of contributory negligence, and that such negligence of her father cannot be imputed to her so as wholly to defeat a recovery, but only to deny to him any share of it.

[1] Viewing the case from this angle, it can hardly be doubted that instruction "J," which was given for the defendant, however correct in the abstract, is erroneous as applicable to the conflicting evidence in this case. It reads thus:

"The court instructs the jury that although street cars and automobiles have equal rights to use the highway, it is, nevertheless, as a matter of law, negligence for the driver of an automobile, after knowing of the approach of a street car, to drive or attempt to drive across street car tracks in front of, and in dan-

gerous proximity to, such approaching car. It is also negligence, as a matter of law, for the driver of an automobile who sees a street car approaching and who does not know the rate of speed thereof, to proceed to drive across the car track without continuing to observe such approaching street car, and that if the driver of an automobile sees an approaching street car but does not know its speed, and after so seeing it, continues upon his course across the car tracks without assuring and reassuring himself that he can cross in safety before the street car reaches the point of crossing, this constitutes negligence, and in the absence of proof that the street car motorman could, after such negligent act, if any, on the part of such automobile driver, have averted the collision, there can be no recovery on the part of any occupant of such automobile."

It is erroneous because (a) it is inconsistent with instruction 4 given on behalf of the plaintiff which is hereafter quoted; (b) fairly construed, it inferentially imputes the negligence of the driver of the automobile to the infant passenger therein and denies a recovery on that ground, unless entitled under the last clear chance rule, just as if she had been an adult and the negligence of her father could have been so imputed to her, and (c) directs a verdict for the defendant on a partial view of the evidence.

[2] In this court it is earnestly contended for the company that the evidence clearly shows that the sole proximate cause of the collision was the negligence of her father; that there was no negligence attributable to the company; that there could have been no other proper verdict; and hence that the judgment should be affirmed. On the other hand, for the plaintiff it is contended that the testimony shows that the proximate cause of the injury was the negligence of the

company in failing to keep a proper outlook, in failing to keep the car under control, and in operating the street car at an excessive rate of speed, which negligence it is claimed is so demonstrated that it should be found by this court as a matter of law. It is argued therefrom that we should here reverse the judgment, declare the liability of the defendant, and remand the case merely for the purpose of fixing the consequential damages.

As we have concluded to remand the case for a new trial, we shall not discuss the testimony, but content ourselves with saying that the circumstances are such as present questions of fact which should be submitted to a jury.

[3] The outstanding errors, as we conclude, grow out of the refusal of the trial court to grant, when presented, instruction No. 4, for which the plaintiff asked, before the argument; the granting of it with the reservation verbally expressed by the judge after the jury had returned (in order to verify certain testimony); and the refusal to permit further argument before the jury after this instruction had been so granted. That instruction reads:

"The court instructs the jury that if they believe from the evidence that the deceased, Augusta B. Williams, was an infant between three and four years of age at the time of her death, the law conclusively presumes that she was incapable of contributory negligence.

"And the jury is further instructed that although they may believe from the evidence that her father, John L. Williams, or her brother, John S. Williams, with whom she occupied the automobile at the time of her death, either or both, were guilty of negligence which contributed to her death, such negligence on

their part cannot bar recovery by the plaintiff against the defendant company, in this case, if he is otherwise entitled to recover.

"Therefore, if the jury shall believe from the evidence that the motorman of defendant's street car was guilty of the negligence charged, either in failing to keep a proper lookout ahead as he approached said crossing, or in failing to keep his street car at a reasonable rate of speed and under reasonable control at that point, and that such negligence on his part caused or proximately contributed to the collision with the automobile in which she was riding and thereby caused her death, then they should find for the plaintiff, notwithstanding they may also believe that the said John L. Williams and John S. Williams, or either, with whom she was riding, were also guilty of negligence.

"If, however, the jury shall find that the said motorman was not guilty of negligence which caused or proximately contributed to said collision and her consequent death, then they should find for the defendant."

We find nothing to criticise in this instruction. We do not understand that the attorney for the defendant criticises it further than to say that it was unnecessary.

We are of opinion that it should have been granted when offered.

[4, 5] After the jury returned into court for the purpose of having the stenographer read over to them the testimony of T. J. Whybrew, one of defendant's witnesses, and before they again retired to consider of their verdict, the trial court judge announced that he had determined to give this instruction No. 4 for the plaintiff, which had theretofore been refused, but at the same time stated to the jury that he was doubtful about it, and then read it and handed it to them.

We regard the expression of the judge, that he was doubtful about it, as error so plainly harmful to the plaintiff as in any event to require a reversal of the judgment. However dubious a trial judge may be as to an instruction, when and after he determines to give it, it becomes in that forum the law of that case. The jury have no right either to inquire further or to disregard it. It is their bounden duty to obey it. So that when a trial judge tells the jury that he is in doubt about an instruction, this is a contradiction in terms, and he thereby destroys its legal effect. What effect this remark had upon the jury cannot be certainly determined. We think, however, that its probable effect was to lead them to think that it presented a question of law so doubtful as to leave them at liberty to disregard it and to determine that vital legal question according to their own view. At any rate, such a remark was fatal. To instruct the jury as to the law of the particular case is the imperative duty of the judge of the trial court, and it is one which can neither be evaded nor surrendered.

[6] The vital issue in this case is not the contributory negligence of the child's father as the driver of the car. That issue is whether or not there was actionable negligence of the agents of the defendant company which was the proximate cause of the injury. Of course, in order to determine that proximate cause, the conduct of the driver of the automobile and his alleged negligence must be fully presented to the jury and carefully considered by them, and this for the purpose of determining whether his conduct should be held to be the sole proximate cause of the injury. If it was such proximate cause, the action lies against him alone and there can be no recovery against the company. If, however, both were negligent and the negligence of

both operating together was the proximate cause of the injury, then the plaintiff has a right of action against either or both.

It is to be deplored that it is so difficult to define proximate cause. We shall not add to this difficulty by attempting to give another definition of it.

In *Virginia Ry. & Power Co.* v. *Hill,* 120 Va. 397, 400, 91 S. E. 194, a case arising out of a collision between an automobile and a street car, and the injured passenger in the automobile sued both, it was held that two instructions, in the main and in the abstract, correctly stated the doctrine as to remote and proximate cause, as between the two defendants. The jury were there in substance instructed that even though they believed from the evidence that the driver of the automobile was guilty of negligence, yet if they further believed that the motorman of the street car negligently ran his car into the automobile, as charged in the declaration, and that this negligence so charged was the proximate and immediate cause of the accident, then the company was alone responsible for the accident, even though they might believe from the evidence that the accident could not have occurred but for the remote negligence of the driver of the automobile. On the other hand, they were likewise instructed that even though they might believe from the evidence that the motorman of the street car was guilty of negligence, yet if they further believed that the chauffeur in charge of the automobile so negligently ran it as to make the accident unavoidable, and that this was the proximate and immediate cause of the accident, then the owner of the automobile is alone responsible therefor, even though the jury might believe from the evidence that the accident could not have occurred but for the remote negligence of the driver of the street car. These in-

structions complement each other, and presented the vital issue in that case.

This case should be tried again upon the issues which we have tried to indicate—that is to say, the jury should be clearly instructed that the action of the plaintiff cannot be wholly defeated because of the contributory negligence of decedent's father, the driver of the automobile, and also that there can be no recovery of the company if this negligence of the driver was the proximate cause of the accident; and that he is only entitled to recover of the company if the evidence shows that the negligence of the motorman constitutes such proximate cause. The basis of such actions is the negligence of the defendant, so that if there is no negligence of the motorman which proximately caused the injury, there is no right to recover of the company.

*Reversed.*