# Staunton

CLINCHFIELD COAL CORPORATION V. GUY WEBBER, ADMINISTRATOR, ETC.

September 19, 1935.

Present, All the Justices.

The opinion states the case.

*S. H. & George C. Sutherland,* for the plaintiff in error.

*O. M. Vicars, M. M. Long* and *L. R. McCormick,* for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

The plaintiff in error, defendant in the court below, by

this writ of error, is seeking to reverse a judgment in the sum of $7,500 obtained against it for the alleged wrongful death of Bessie Magalene Clark, an infant five years of age.

In discussing the many errors assigned, we shall not attempt to treat them separately, or in the order named in the petition. The main issue is whether or not the negligence of the defendant was proven. On the question, the evidence is in conflict. That for the plaintiff tends to establish that the deceased with her family lived in the town of Clinchco, in a house owned by defendant. This house is one of five situated on an embankment, east of the highway, with steps leading from the yard down to the eastern edge of the highway which is twenty-two feet wide. The child intended to visit her aunt, who lived in a similar house, on the opposite side of the highway, several hundred feet north of the Clark home.

The child, at the suggestion of her sister Opal, who was standing at the top of the steps, some twenty feet above the level of the road, waited at the bottom until a car driven by Pat Mullins had passed, going north. She then started across the highway walking slowly, looking south. After she had gotten past the center of the highway, Opal saw the defendant's truck approaching from the north, and screamed, "Magalene, Magalene!" The deceased turned her head, and evidently saw the truck as she immediately started running towards the west side of the highway, but had taken only two or three steps before she was struck by the right front fender, six feet from the western edge of the road, and was killed.

Plaintiff's witnesses also testified that the Mullins car, and the defendant's truck, were the only vehicles in sight; that they met more than 145 feet north of the point of impact; that there was no dust or any obstruction which prevented the driver of the truck, had he been keeping a proper lookout, from seeing Magalene, as she walked more than nineteen feet diagonally across the highway, in clear view of the oncoming truck. It was conceded that the

driver did not see the child until the front end of the truck was within three or four feet of her, and that the speed was not reduced until she was struck.

The driver, and other witnesses for defendant, testified that the child ran out from behind the Mullins car in a cloud of dust which prevented him from seeing her in time to stop before striking her. The jury accepted the plaintiff's evidence on this issue; this finding was approved by the trial court; it is conclusive upon this court, and unless the record shows reversible errors in other rulings, the judgment must be affirmed.

Defendant contends that the refusal of the trial court to continue the case, on its motion, constitutes reversible error. The motion was based on the fact that attorneys for the defendant were not employed until two or three days before trial. The accident occurred on August 19, 1933. Three days later the adjuster for the indemnity company, who was, and is a practicing lawyer in West Virginia visited the scene, interviewed, and secured written statements from most of the witnesses. Within the following three weeks he had at least two interviews with attorneys for plaintiff, and was informed that no settlement out of court was probable. On September 21, notice of motion was served on defendant. On September 23 plaintiff's attorney wrote the general counsel for defendant that he had had an interview with the trial judge, who had tentatively set the case for trial on October 11. This letter was, in due course, received by the insurance carrier, which in accordance with the provisions set forth in its policy, assumed full responsibility for defending the action.

The adjuster testified that he intended to employ Mr. C. R. McCoy, but made no serious effort to interview him until October 7, when he was informed that Mr. McCoy had died on September 22. While the firm of Sutherland and Sutherland, the attorneys of record for defendant, may have been somewhat handicapped in the trial, because they were not employed until October 8 or

9, the delay in employing them was due to the procrastination of their clients.

It further appears that both members of the firm, before the trial, visited the scene of the accident and had the benefit of the written statements of the material witnesses for the defendant. If the trial court had sustained the motion, under these circumstances, it would have permitted the defendant to have obtained a continuance on a motion, based on its own inexcusable delay in employing counsel.

■ The ruling of the trial court on a motion for continuance is not ground for reversal, unless the record affirmatively shows an abuse of such discretion to the prejudice of the complaining party.

■ Defendant further contends that the order appointing the administrator of the deceased was inadmissible in evidence, because it was spread upon the records by the clerk after the action had been instituted. The order on its face shows that the administrator qualified before the clerk on August 31, 1933, by taking oath and giving the bond required. The letters of administration given the administrator were dated August 31, 1933. The clerk, over the objection of defendant, testified that due to an oversight, the order appointing the administrator was not spread upon the record until after this action was begun. His testimony does not contradict, or vary in the slightest degree, the evidence established by the records in his office. Either the letters of administration, or the order of the clerk, was sufficient to establish the date on which the administrator qualified on the estate.

■ The main contention of defendant is that the slightest negligence of anyone in temporary care of an infant which contributes to its injury or death is sufficient to bar any recovery. This question was raised in several ways: 1. By the tendering of two special pleas which the court rejected. 2. By a general statement in the ground of defense. 3. By instructions offered and exceptions noted to the action of the court in refusing to give them.

4. By assigning it as one of the reasons why the verdict should be set aside.

This question was raised in *Williams* v. *Lynchburg T. and L. Co.*, 142 Va. 425, 432, 434, 128 S. E. 732, 734. The action there, as here, was instituted, by an administrator on an infant's estate, to recover for its wrongful death. Judge Prentis in that case stated the question thus: "The vital issue in this case is not the contributory negligence of the child's father as the driver of the car. That issue is whether or not there was actionable negligence of the agents of the defendant company which was the proximate cause of the injury. * * *

"This case should be tried again upon the issues which we have tried to indicate—that is to say, the jury should be clearly instructed that the action of the plaintiff cannot be wholly defeated because of the contributory negligence of decedent's father, the driver of the automobile, and also that there can be no recovery of the company if this negligence of the driver was the proximate cause of the accident * * *."

The same question was raised in *Stanley* v. *Tomlin,* 143 Va. 187, 129 S. E. 379. Judge Campbell in delivering the opinion cited and followed the rule announced in the former case.

These decisions were followed in the *City of Danville* v. *Howard,* 156 Va. 32, 157 S. E. 733. In the latter case the uncontradicted evidence established the negligence of the father, as a matter of law. The jury returned a verdict of $5,000, and awarded one-half to the father, and one-half to the mother. On a writ of error to this court, the verdict and judgment on behalf of the father was set aside, and the verdict and judgment on behalf of the mother affirmed.

These cases definitely settle the question in this jurisdiction, adversely to the defendant's contention, and render further discussion of the subject unnecessary.

*Affirmed.*