## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Dip's Administrator

v.

Franklin D. Keen et al.

May 4, 1966

Case No. A-7657

By JUDGE ALEX H. SANDS, JR.

It is conceded that the only question involved upon plaintiff's motion to set aside the verdict in favor of defendant Keen is whether Keen, having looked east at a point either just prior to turning north on Hamilton Street or after turning north on Hamilton but before entering the west-bound lanes of Monument Avenue and not looking east again until immediately before the impact was guilty of failure to maintain a proper lookout as a matter of law.

Plaintiff contends that at the time that Keen testified that he executed his lookout that the car in which plaintiff was riding must necessarily have been in sight and that for Keen to have then proceeded on out in front of it was negligence as a matter of law for he either did not look or if he did look he failed to see what a reasonable lookout would have had to have disclosed. Plaintiff relies upon *Nicholson v. Garland*, 156 Va. 745 (1931); *Walker v. Crosen*, 168 Va. 410 (1937); *Yellow Cab v. Gully*, 169 Va. 611 (1938); *Penoso v. Pender Co.*, 177 Va. 245 (1941), and *Godsey v. Tucker*, 196 Va. 469 (1954). In each of these cases the driver of the vehicle attempted to cross in front of a speeding vehicle *which he had seen before negotiating the crossing* and in view of the facts of

each case was held to be guilty of negligence as a matter of law in attempting to negotiate a crossing in the path of a close at hand speeding vehicle he had observed prior to or at the time he undertook the crossing.

In the case at bar when Keen made his lookout east, whether the point at which such lookout was made was before he turned north as plaintiff's attorney claims or after turning north as Keen's attorney claims, he testifies unequivocally that the westbound lanes were clear to his right as far as he could see (which was to the crest of the hill, a distance of approximately five hundred feet, and some distance beyond) and in view of the speed of the plaintiff's vehicle, seventy miles per hour or better, this testimony is by no means incredible.

The case of *Caldwell v. Parker*, 191 Va. 471 (1950), relied upon by Keen appears factually similar to and legally controlling upon the issue now before the Court. In this case plaintiff in attempting to negotiate a crossing at a slow rate of speed was struck by an oncoming police vehicle across the path of which he was proceeding. He stated that he looked eastwardly before starting his crossing and saw nothing. He had clear vision to the east for some three-tenths of a mile but the evidence was that the police vehicle was traveling between sixty-five and eighty miles per hour. He did not see the police vehicle until just at the moment of impact.

In holding plaintiff's lookout to present a jury question the Court, in language particularly applicable to the facts in the case at bar, stated:

> Plaintiff was obligated to exercise ordinary care to look for and heed traffic approaching along the highway that might be seen and reasonably expected to affect his intended movement. However, because he did not see this car and avoid the collision, it cannot be said as a matter of law that he failed to perform his duty in this respect. It was not incumbent upon him to insure his safe passage into and along the highway *from the dangers of a speeding car that may well have been beyond the range of reasonable vision* when he slowly entered

the highway and yet due to its excessive speed
have struck him . . . . (Emphasis added.)

*Angel v. McDaniel*, 165 Va. 1 (1935), stands for
the corollary proposition, i.e. that a driver in effecting
a lookout is required only to look for a *reasonable distance*
in the direction of the lookout and is not required to
anticipate and foresee the approach of vehicles not within
such distance being driven at excessive rates of speed.

For the foregoing reasons it is concluded that the
issue of Keen's negligence was properly submitted to
the jury.

The plaintiff's motion will accordingly be overruled
and judgment entered on the verdict. It would make no
difference for purposes of this ruling whether Keen,
at the time of his lookout was at the point contended
for by plaintiff or that point contended for by defendant.