BENTON, J.,
with whom ELDER, J., joins, concurring, in part, and dissenting, in part.
For the reasons I have previously explained in Bazemore v. Commonwealth, 03 Vap UNP 0103021 (2003), I would affirm Nicko Bazemore’s conviction for grand larceny. Thus, I join in Parts I and Parts 11(A) of the majority opinion. I also join in Part 11(B) of the majority opinion, for the reasons I previously explained in Bazemore. I do not join in Part 11(C) *225 because I would hold that the trial judge committed reversible error by omitting a significant element of the offense when he instructed the jury concerning the offense of feloniously eluding a law enforcement officer. The error was not harmless.
I.
On appeal, Bazemore contends the trial judge erred by omitting a statutory element when instructing the jury on the elements of the offense of feloniously eluding a law enforcement officer as proscribed by Code § 46.2-817(B). Although the Commonwealth correctly notes that Bazemore did not object at trial to the flawed instruction, I would address this issue because Bazemore’s claim falls within a recognized exception to Rule 5A:18.
The Supreme Court has held that the “ends of justice” exception of Rule 5A:18 applies to permit review when there has been a failure to object to an instruction that “omitted some essential element of the offense.” Jimenez v. Commonwealth, 241 Va. 244, 251, 402 S.E.2d 678, 681 (1991). We also have held that Rule 5A:18 will not bar our review of an instruction that “allows a jury to convict a defendant without proof of an essential and necessary element of the charged offense.” Campbell v. Commonwealth, 14 Va.App. 988, 994, 421 S.E.2d 652, 656 (1992).
The statute defining the offense for which Bazemore was being tried provides, in pertinent part, as follows:
Any person who, having received a visible or audible signal from any law-enforcement officer to bring his motor vehicle to a stop, drives such motor vehicle in a willful and wanton disregard of such signal so as to interfere with or endanger the operation of the law-enforcement vehicle or endanger a person is guilty of a Class 6 felony.
Code § 46.2-817(B) (emphasis added).
The General Assembly amended Code § 46.2-817 to its present form in 1999, substituting “and” for “or” preceding the words “wanton disregard.” See 1999 Va. Acts, ch. 720. Although this statutory change involves only one word, we must *226 “assume that the General Assembly’s amendments to the law are purposeful and not unnecessary or vain.” Virginia-Am. Water Co. v. Prince Wm. Serv., 246 Va. 509, 517, 436 S.E.2d 618, 623 (1993).
“As a general rule, a presumption exists that a substantive change in law was intended by an amendment to an existing statute.” Thus, in construing a statute that has been amended by the General Assembly, we presume that the legislature acted with full knowledge of the law as it affected the subject matter.
It is our task ... to adopt a construction that gives import to the legislative purpose and the words used.
Commonwealth v. Bruhn, 264 Va. 597, 602, 570 S.E.2d 866, 869 (2002) (citations omitted). By changing “or” to “and,” the General Assembly significantly increased the prosecution’s burden of proof. Indeed, both parties agree that the statute in effect on the date of this incident expressly required evidence to support a finding of “willful and wanton disregard of [the officer’s] signal.” Code § 46.2-817(B) (emphasis added).
The jury, however, was not required to make such a finding. When the trial judge instructed the jury that the Commonwealth was required to “prove beyond a reasonable doubt ... that [Bazemore] willfully or wantonly disregarded such signal so as to endanger any person” (emphasis added), the judge’s instruction incorrectly informed the jury of the law. Simply put, the judge instructed the jury, contrary to the requirements of the amended statute, to convict Bazemore if it found either “[t]hat he willfully or wantonly disregarded such signal” (emphasis added), not both.
A trial judge, however, “has an affirmative duty properly to instruct a jury about [every principle of law that is vital to a defendant in a criminal case].” Jimenez, 241 Va. at 250, 402 S.E.2d at 681. The proper description of the elements of the offense is vital to a defendant in a criminal case because the jury, as the finder of fact, must determine whether the prosecution has “satisfied] the due process requirements of *227 the Federal Constitution ... [to] bear the burden of proving all elements of the offense beyond a reasonable doubt.” Stokes v. Warden, 226 Va. 111, 117, 306 S.E.2d 882, 885 (1983) (citing In Re Winship, 397 U.S. 358, 363, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970)). To assure this constitutional requirement is satisfied, the judge’s “imperative duty [to properly instruct the jury as to the law of the particular case] ... is one which can neither be evaded nor surrendered.” Williams v. Lynchburg Traction and Light Co., 142 Va. 425, 432, 128 S.E. 732, 734 (1925). In giving a defective jury instruction in this case, the judge allowed the jury to convict Bazemore if it found that he willfully or wantonly disregarded the signal of the law enforcement officer. By posing the elements in the disjunctive, the instruction permitted the jury to convict Bazemore of an offense that does not exist in Virginia law. See Marshall v. Commonwealth, 26 Va.App. 627, 637, 496 S.E.2d 120, 125 (1998) (noting that “we would be permitted to invoke the ends of justice exception to reverse ... a conviction for a non-existent offense”).
For these reasons, I would reject the Commonwealth’s assertion that Rule 5A:18 bars our consideration of this issue. I would hold, instead, that the trial judge erred in giving the instruction that permitted the jury to convict Bazemore of a non-existent offense. Therefore, I would reverse the judgments of convictions for feloniously eluding the law enforcement officer and for felony homicide, which was predicated upon feloniously eluding the law enforcement officer.
II.
The Commonwealth contends that even if the “ends of justice” exception applies, the convictions nevertheless should be affirmed because the error was harmless. I disagree.
The trial judge’s error in this case permitted the jury to convict Bazemore of a criminal offense without finding the evidence proved beyond a reasonable doubt each element of the offense. “Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, [the United *228 States Supreme Court long ago] explicitly [held] that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.” In Re Winship, 397 U.S. at 364, 90 S.Ct. 1068. Equally important, the Sixth Amendment to the United States Constitution provides that “[i]n all criminal prosecutions, the accused shall enjoy the right to a ... trial, by an impartial jury.” A necessary corollary to these two principles is that in a jury trial, “[t]he Constitution gives a criminal defendant the right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged.” United States v. Gaudin, 515 U.S. 506, 522-23, 115 S.Ct. 2310, 2319, 132 L.Ed.2d 444 (1995). By instructing the jury in the disjunctive, the judge violated these principles and created error of a constitutional magnitude.
“[B]efore a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt.” Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967). Giving effect to the constitutional right to a trial by jury, the harmless error test requires courts to examine the basis for the jury verdict.
Consistent with the jury-trial guarantee, the question [Chapman ] instructs the reviewing court to consider is not what effect the constitutional error might generally be expected to have upon a reasonable jury, but rather what effect it had upon the guilty verdict in the case at hand. Harmless-error review looks ... to the basis on which “the jury actually rested its verdict.” The inquiry, in other words, is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in this trial was surely unattributable to the error. That must be so, because to hypothesize .a guilty verdict that was never in fact rendered — no matter how inescapable the findings to support that verdict might be — would violate the jury-trial guarantee.
*229 Sullivan v. Louisiana, 508 U.S. 275, 279, 113 S.Ct. 2078, 2082, 124 L.Ed.2d 182 (1993) (citation omitted).
To establish a violation of Code § 46.2-817(B), the Commonwealth must prove, according to the statute’s express language, that Bazemore operated the vehicle in a “willful and wanton disregard of [the officer’s] signal so as to interfere with or endanger the operation of the law-enforcement vehicle or endanger a person.” (Emphasis added). Quoting United States v. Murdock, 290 U.S. 389, 394, 54 S.Ct. 223, 225, 78 L.Ed. 381 (1933), we have defined willful as follows:
“The word [willful] often denotes an act which is intentional, or knowing, or voluntary, as distinguished from accidental. But when used in a criminal statute it generally means an act done with a bad purpose; without justifiable excuse; stubbornly, obstinately, perversely. The word is also employed to characterize a thing done without ground for believing it is lawful.... ”
Snead v. Commonwealth, 11 Va.App. 643, 646-47, 400 S.E.2d 806, 807 (1991). More precisely, the United States Supreme Court has held that to act willfully a criminal defendant must know that his acts violate the law. Ratzlaf v. United States, 510 U.S. 135, 136-37, 114 S.Ct. 655, 656-57, 126 L.Ed.2d 615 (1994). “[I]n the criminal law [willfull] ... typically refers to a culpable state of mind.” Bryan v. United States, 524 U.S. 184, 191, 118 S.Ct. 1939, 1945, 141 L.Ed.2d 197 (1998).
To prove the other necessary element of the offense, wanton disregard, the evidence must show recklessness plus additional culpability. See Town of Big Stone Gap v. Johnson, 184 Va. 375, 379, 35 S.E.2d 71, 73 (1945) (citing Webster’s New International Dictionary, 2d ed.).
“Wanton differs from reckless both as to the actual state of mind and as to the degree of culpability. One who is acting recklessly is fully aware of the unreasonable risk he is creating, but may be trying and hoping to avoid any harm. One acting wantonly may be creating no greater risk of harm, but he is not trying to avoid it and is indifferent to whether harm results or not. Wanton conduct has properly *230 been characterized as ‘vicious’ and rates extreme in the degree of culpability. The two are not mutually exclusive. Wanton conduct is reckless plus, so to speak.”
Black’s Law Dictionary 1576 (7th ed.1999) (quoting Rollin M. Perkins & Ronald N. Boyce, Criminal Law 879-80 (3d ed.1982)).
Because the trial judge incorrectly instructed the jury by placing the statutory elements of “willful” and “wanton” in the disjunctive, we cannot have any degree of confidence that the jury actually found both elements were proved beyond a reasonable doubt.
“The test ... is not whether laying aside the [error] there was other evidence sufficient to convict beyond a reasonable doubt ..., but, more stringently, “whether there is a reasonable possibility that the [error] complained of might have contributed to the conviction.’ ” In other words, even if “the other evidence amply supports the ... verdicts, [error is not harmless when it] may well have affected the ... decision.”
An “emphasis and perhaps overemphasis, upon the [concept] of ‘overwhelming evidence’ ” has the effect of clouding the relevant question “ ‘whether there is a reasonable possibility that the [error] complained of might have contributed to the conviction.’ ” As the Supreme Court has stated, “[t]he correct inquiry is whether, assuming that the damaging potential of the [error] were fully realized, a reviewing court might nonetheless say that the error was harmless beyond a reasonable doubt.” Thus, “a harmless error analysis ... [is not] simply a sufficiency of the evidence analysis.”
Williams v. Commonwealth, 32 Va.App. 395, 399-400, 528 S.E.2d 166, 168-69 (2000) (citations omitted).
Recently, in a civil case where the issue was whether conduct was “so willful or wanton ... [to] support an award of punitive damages,” the Supreme Court ruled that the evidence was insufficient to prove either. Doe v. Isaacs, 265 Va. 531, *231 535, 579 S.E.2d 174, 176-77 (2003). The Court summarized the lack of evidence as follows:
Clearly, the defendant’s actions, involving violation of traffic laws and rules of the road, demonstrated a disregard of prudence to the level that the safety of others was completely neglected. But this conduct amounts to gross negligence, which shocks fair-minded people; it is less than willful recklessness. The required “actual or constructive consciousness that injury will result from the act done or omitted,” is lacking in the proof.
At the most from the plaintiffs’ standpoint, the defendant did not keep a proper lookout for vehicles nearly stopped ahead of him, he did not keep his vehicle under proper control, he probably was intoxicated to some extent, and he feloniously left the scene of the accident in violation of Code § 46.2-894. There is no evidence that defendant exceeded the speed limit or a reasonable speed under the circumstances. He was driving on his proper side of the street, apparently operating a properly functioning vehicle. In sum, the defendant’s behavior was not the “egregious” conduct spoken of in our cases.
Id. at 538, 579 S.E.2d at 178 (citations omitted). Thus, although exemplary damages (see Code § 8.01-44.5) are permitted in a civil case upon a showing of “willful or wanton” conduct, Isaacs, 265 Va. at 536, 579 S.E.2d at 174, the evidence the Supreme Court reviewed above proved neither element, even though the plaintiff only had to prove either by a mere preponderance.
The evidence before the jury in this case, where the prosecution had the burden of proving “willful and wanton” disregard beyond a reasonable doubt, is equally deficient. It did not prove Bazemore exceeded any posted speed limits. Although the officer testified that at one point Bazemore accelerated to fifty miles per hour, the evidence does not establish the posted speed limit on this road. The evidence strongly suggests, however, that Bazemore was within the speed limit because the road was a four-lane “thoroughfare that runs ... from Suffolk to [the State of North] Carolina.” The officer *232 also testified that after Bazemore left this road, Bazemore’s speed decreased “to approximately 10 miles an hour when he turned into a residential area.” No evidence suggests Bazemore was violating the posted speed limit as he left the residential area and entered the intersection. Indeed, the officer behind Bazemore testified his own speed was approximately fifteen to twenty miles per hour when Bazemore drove into the intersection. The severity of the collision in the intersection likely is explained by Bazemore’s vehicle hitting a minivan that was travelling on a four-lane divided highway with a greater speed. In the absence of proof Bazemore was driving at an excessive speed, it is difficult to conclude that a reasonable jury would have found the necessary mercilessness to justify a finding of wanton disregard.
The evidence also leaves uncertain whether the jury based its conviction on a finding of willful conduct. Significantly, the jury accepted Bazemore’s testimony that he did not steal the vehicle and convicted him of larceny upon his testimony that he knew he was driving a vehicle Shorter had stolen. The jury also may have believed Bazemore’s testimony that he did not stop because he was “scared” and that he also was afraid Shorter would have harmed him. However, even if the jury accepted Bazemore’s testimony and found that he did not intentionally violate the traffic laws but acted out of fear, see id. at 535, 579 S.E.2d at 176 (reaffirming the long standing rule that “ ‘the intentional violation of a traffic law, without more, will not support a finding of willful and wanton [conduct]’ ”), the jury still could have applied the defective instruction and convicted Bazemore.
Simply put, even though the majority opinion concludes that the evidence is perhaps adequate to support a finding of wanton and willful disregard, it is entirely possible that the jury convicted Bazemore solely on a finding of either willful or wanton disregard of the officer’s signal. Indeed, it is highly probable that the jury did so because, without an instruction requiring the jury to find that both elements were proved beyond a reasonable doubt, we cannot assume the jury per *233 formed a task that was neither necessary nor required under the defective instruction.
When a defendant elects to be tried by a jury “in a criminal case[,] the law assigns [the factfinding function] solely to the jury.” Sandstrom v. Montana, 442 U.S. 510, 523, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). Therefore, we cannot on appeal supplement the jury’s finding to add an element the jury was not required to consider. Indeed, to do so, we would, in effect, commit the same error the trial judge committed — we would determine the evidence proved beyond a reasonable doubt the element of the offense the jury was required to find but was not instructed to find. We would make an independent determination of the credibility of witnesses and weight of the evidence, both of which “are matters solely for the fact finder.” Hampton v. Commonwealth, 32 Va.App. 644, 648, 529 S.E.2d 843, 845 (2000). Instead of compounding the error, we can avoid negating the jury’s fact finding function by giving effect to the well established principle that a harmless error analysis is entirely distinct from an analysis of the sufficiency of the evidence. See Cartera v. Commonwealth, 219 Va. 516, 519, 248 S.E.2d 784, 786 (1978) (holding that even if “the other evidence amply supports the ... verdicts, [error is not harmless when] the [error] may well have affected the ... decision”); Hooker v. Commonwealth, 14 Va.App. 454, 458, 418 S.E.2d 343, 345 (1992) (holding that “a harmless error analysis ... [is not] simply a sufficiency of the evidence analysis”).
The jury’s verdict in this case plainly was the result of a finding premised upon Bazemore acting either wantonly or willfully, but not both.
[T]he United States Constitution requires that the jury, in a criminal case, determine beyond a reasonable doubt that the government has proven each element necessary to constitute the crime charged. Thus, a judge in a criminal case may not direct a verdict, even a partial verdict, for the government even though the evidence is overwhelming or even undisputed on the point. When a judge gives an instruction preventing the jury from considering a material *234 issue, that instruction is equivalent to an impermissible directed verdict on the issue.
United States v. Piche, 981 F.2d 706, 716 (4th Cir.1992) (citations omitted). Certainly, if “a trial judge is prohibited from entering a judgment of conviction or directing the jury to come forward with such a verdict ..., regardless of how overwhelmingly the evidence may point in that direction,” United States v. Martin Linen Supply Co., 430 U.S. 564, 572-73, 97 S.Ct. 1349, 1355, 51 L.Ed.2d 642 (1977), an appellate court cannot supplement on appeal the jury’s fact finding function by applying a sufficiency analysis to conclude that an element of the offense, not found by the jury, was proved beyond a reasonable doubt.
For these reasons, I would hold that the error was not harmless.
III.
Lastly, I would note that on several occasions, the Supreme Court has reversed convictions for non-existent offenses. In Bundy v. Commonwealth, 220 Va. 485, 259 S.E.2d 826 (1979), the Court ruled as follows:
We believe that the weapons verdict in this case ... plainly convicts the defendant of the use of a firearm while committing, not murder, but some undesignated other felony. Under the weapons statute as it read prior to 1976, such a verdict might have been proper.
[A]s a result of the 1976 amendment to Code § 18.2-53.1, the use of a firearm “while committing a felony” no longer is sufficient to constitute a violation of the statute. Now, a violation occurs only when a firearm is used with respect to the specified felonies of murder, rape, robbery, burglary, and abduction.
The offense in this case and the prosecution therefor took place after the effective date of the amendment to Code § 18.2-53.1. Yet, under instructions erroneously framed to permit such action, the jury was given free rein either to convict the defendant of the no-longer existing offense of *235 using a firearm in the commission of a felony or to convict him of using a firearm while committing murder. The jury convicted the defendant of the non-existent offense. Clearly, therefore, the defendant’s firearms conviction must be reversed.
The erroneous instructions which led to the anomalous result reached below were granted, if not at the Commonwealth’s request, in the absence of any objection.
Id. at 487-88, 259 S.E.2d at 828. See also Jimenez, 241 Va. at 251, 402 S.E.2d at 681 (holding that Jimenez’s failure to object at trial did not waive “his right to raise this matter on appeal” because the judge’s “instruction omitted some essential elements of the offense” and permitted the jury to convict Jimenez “of a non-offense”); Ball v. Commonwealth, 221 Va. 754, 758-59, 273 S.E.2d 790, 793 (1981) (reversing a conviction for capital murder because the evidence proved a homicide during an attempted robbery, which was not then one of the statutorily defined predicate offenses of capital murder).
In my view, a circuit court lacks the power to convict an accused criminal defendant of a “non-existent offense.” A conviction of a “non-existent offense” implicates the circuit court’s subject matter jurisdiction and, thus, is cognizable on a direct appeal from such a conviction. Indeed, the Supreme Court has held “that ‘[sjubject matter jurisdiction is granted by constitution or statute,’ that ‘[i]t cannot be waived,’ that ‘any judgment rendered without it is void ab initio,’ and that ‘lack of subject matter jurisdiction “may be raised at any time, in any manner, before any court, or by the court itself.” ’ ” Nelson v. Warden, 262 Va. 276, 281, 552 S.E.2d 73, 75 (2001) (citation omitted).
Because the jury convicted Bazemore of a non-existent criminal offense, I would hold that the circuit court exceeded its jurisdictional power when it convicted Bazemore of an offense that does not exist under the criminal law.
IV.
In summary, I would affirm the grand larceny conviction and remand to the trial judge to correct that conviction order *236 by inserting a reference to Code § 18.2-108. I would reverse the convictions for felony eluding a law enforcement officer and felony homicide, and I would remand for a new trial where the jury may be properly instructed.