## Richmond

HERBERT GLEN BACCI V. COMMONWEALTH OF VIRGINIA.

September 1, 1972.

Record No. 7935.

Present, Snead, C.J., I'Anson, Carrico, Harrison, Cochran and Harman, JJ.

*Jay J. Levit* (*Beecher E. Stallard,* on brief), for plaintiff in error.

*Gilbert W. Haith, Assistant Attorney General* (*Andrew P. Miller, Attorney General,* on brief), for defendant in error.

COCHRAN, J., delivered the opinion of the court.

Herbert Glen Bacci was tried by a jury on an indictment that charged that he "[u]nlawfully, feloniously and maliciously did make an assault upon one Raymond Beach; and with a certain loaded firearm, then and there unlawfully, feloniously and maliciously did shoot

and wound the said Raymond Beach, with intent . . . to maim, disfigure, disable or kill . . . ." The indictment thus followed the language of the Maiming Act, Va. Code Ann. § 18.1-65 (1960)[1].

The jury returned this verdict:

"We, the jury, find the accused guilty of unlawful wounding and fix his punishment at 12 months in jail—$500 fine."

After overruling a motion to set aside the verdict as contrary to the law and evidence the trial court entered judgment on the verdict. We granted Bacci a writ of error.

The question for us to decide is the validity of the verdict. Bacci contends that it is fatally defective and a nullity because it fails to recite the requisite intent, either specifically or by reference to the indictment. We agree.

The verdict is similar to those which we held to be void in *Banner v. Commonwealth*, 204 Va. 640, 133 S.E.2d 305 (1963), and *Lane v. Commonwealth*, 190 Va. 58, 55 S.E.2d 450 (1949), for failure to recite that the wounding was done with the necessary intent or as charged in the indictment.

It is true, as the Attorney General says, that the form of verdict was given by the court to the jury in an instruction, that other instructions defined malicious wounding and unlawful wounding, and that another instruction set forth the punishment which could be fixed by the jury for malicious wounding, unlawful wounding and assault and battery, respectively. But instructions also defined the crimes and set forth the permissible punishment for each in *Banner v. Commonwealth, supra.*

The Attorney General argues that, as the verdict here, unlike those in *Banner* and *Lane*, fixed the punishment within the limits provided for a misdemeanor, Bacci's conviction can be upheld as a misdemeanor conviction. We do not agree. It is clear that the jury here intended to acquit Bacci on the charge of malicious wounding and to convict him of the less serious felony of unlawful wounding.

[1] "§ 18.1-65. Shooting, stabbing, etc., with intent to maim, kill, etc.—If any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise provided, be confined in the penitentiary not less than three nor more than twenty years. If such act be done unlawfully but not maliciously, with the intent aforesaid, the offender shall, at the discretion of the jury, be confined in the penitentiary not less than one nor more than five years or be confined in jail not exceeding twelve months, and fined not exceeding five hundred dollars."

██ Under *Banner* and *Lane* the verdict is void, except insofar as it served to acquit Bacci of malicious wounding. Being void, it can be attacked for the first time before us. The judgment order is accordingly reversed and the case is remanded for a new trial upon the charge of unlawful wounding with intent to maim, disfigure, disable or kill.

*Reversed and remanded.*

HARRISON, J., dissenting.

I would affirm the conviction. The jury was properly instructed as to what constitutes malicious wounding, unlawful wounding and assault and battery. The majority correctly holds *"it is clear"* that the jury intended to acquit Bacci of malicious wounding and to convict him of unlawful wounding. Under such circumstances we should not nullify the jury's verdict finding the defendant guilty of unlawful wounding because of its failure to add thereto "with intent to maim, disfigure, disable or kill". Our decisions in *Banner* and *Lane* should be modified to avoid such a result where, as in the instant case, there is no question as to the sufficiency of the evidence to convict, the correctness of the instructions given by the court, the offense which the jury found was committed and the offense which the jury convicted the defendant of committing.