## Richmond

### JOSEPH EDWARD JACKSON V. COMMONWEALTH OF VIRGINIA

October 7, 1977.

Record No. 770084.

Present: All the Justices.

*W. Curtis Coleburn, III*, for plaintiff in error.

*Linwood T. Wells, Jr., Assistant Attorney General (Anthony F. Troy, Attorney General*, on brief) for defendant in error.

COCHRAN, J., delivered the opinion of the court.

Joseph Edward Jackson was tried by a jury on two indictments charging him with malicious wounding with the intent to maim, disfigure, disable or kill Maggie Ann Dagner and William Lewis Hawkes, respectively, in violation of Code § 18.2-51 [1] (the Maiming Act), and on an indictment charging him with malicious shooting at an occupied motor vehicle in violation of Code § 18.2-154. The jury found him guilty of malicious wounding of Maggie Ann Dagner, unlawful wounding of William Lewis Hawkes, and malicious shooting at an occupied motor vehicle, and fixed his punishment at five, one, and two years, respectively, in the penitentiary. The trial court entered judgment on the verdicts.

In this appeal Jackson challenges the validity of the verdicts in which the jury found him guilty of malicious wounding and unlawful wounding without specifying that the acts were committed with the intent to maim, disfigure, disable or kill, as required by the statute. He has also assigned error to the ruling of the trial court admitting, over Jackson's objection, testimony of the investigating officer that Dagner and Hawkes had complained to him that Jackson had shot them.

The verdicts were returned on forms signed by the foreman. Each form provided in separate paragraphs for four possible findings by the jury, *i.e.*, (1) guilty of malicious wounding of the named victim, with a blank space in which the punishment could

---

[1] "§ 18.2-51. Shooting, stabbing, etc., with intent to maim, kill, etc. — If any person maliciously shoot, stab, cut or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise provided, be guilty of a Class 3 felony. If such act be done unlawfully but not maliciously, with the intent aforesaid, the offender shall be guilty of a Class 6 felony."

be specified, (2) guilty of unlawful wounding of the victim, with blank spaces in which either of the permitted alternative punishments could be set forth, (3) guilty of assault and battery, with blank spaces in which either of the permitted alternative punishments could be written, or (4) not guilty. Paragraph (3) providing for a finding of guilt of assault and battery was marked out by pen on both forms. The verdicts, as signed by the foreman, read as follows:

"We the jury on the issue joined, unanimously find the defendant, Joseph Edward Jackson,

"(1) GUILTY of malicious wounding of Maggie Ann Dagner, and fix his punishment at 5 years confinement in the penitentiary."

" . . . .

"We the jury on the issue joined, unanimously find the defendant, Joseph Edward Jackson,

"(2) GUILTY of unlawful wounding of William Lewis Hawkes, and fix his punishment at 1 years confinement in the penitentiary . . . ."

■ Jackson says that our decisions have consistently held that to sustain a conviction under the Maiming Act the verdict must recite that the wounding was done with the requisite intent, "either specifically or by necessary implication." We do not disagree with this assessment of the applicable rule. Thus, in *Bacci* v. *Commonwealth*, 213 Va. 236, 191 S.E.2d 182 (1972), *Banner* v. *Commonwealth*, 204 Va. 640, 133 S.E.2d 305 (1963), and *Lane* v. *Commonwealth*, 190 Va. 58, 55 S.E.2d 450 (1949), we held that verdicts were void which failed to recite that the wounding was done with the necessary intent or as charged in the indictment which specified the intent. We said in *Williams* v. *Commonwealth*, 153 Va. 987, at 994, 151 S.E. 151, 153 (1930), that if "the real finding of the jury may be determined" we will disregard defects in a verdict which has been approved by the trial court. In that case, as we were unable to determine from the verdict whether the jury intended to find the defendant, tried on an indictment under the Maiming Act, guilty of a misdemeanor or a felony, we held the verdict to be void.

■ In the present case, however, the requisite intent, while not stated specifically in the verdicts, was necessarily implied.

The findings of the jury were based "on the issue joined." What was this issue? In the beginning it was framed by the indictments which charged malicious wounding with the requisite intent. Nevertheless, under the indictments unlawful wounding with the requisite intent and assault and battery were lesser included offenses. Code § 18.2-54. But at the conclusion of the evidence the trial court narrowed the issue by granting without objection Instruction 10 which read as follows:

"Under the indictments in this case charging the defendant with the wounding of William Louis Hawkes and Maggie Dagner, if warranted by the evidence, you may find any of the following verdicts,

"(1) Malicious wounding or maliciously causing bodily injury, with intent to maim, disfigure, disable or kill;

"(2) Unlawful wounding or unlawfully causing bodily injury, with intent to maim, disfigure, disable or kill;

"(3) Assault and Battery;

"(4) Not Guilty."

Other instructions defined malicious wounding and unlawful wounding and set forth the permissible penalties for each. Unlike the instructions in *Bacci* and *Banner*, all references to assault and battery were stricken from the instructions in the present case. The jury's only alternatives under the instructions were to find Jackson guilty of malicious wounding with the requisite intent, guilty of unlawful wounding with the requisite intent, or not guilty.

Under these circumstances there can be no doubt as to the finding of the jury. Jackson's argument that the jury had the power, if not the right, to find him guilty of assault and battery is inapposite. We will not presume that a jury has disregarded the instructions of the court; moreover, in the present case, the jury did not disregard the instructions. It is not clear, nor is it important, whether the trial court or the jury struck through paragraph (3) of the verdict sheets and thereby eliminated as an available alternative a finding that Jackson was guilty of assault and battery. The jury made findings of malicious wounding and unlawful wounding based upon the issue presented in Instruction 10. Considering the indictments, Instruction 10, and the verdict forms, we infer that the jury, by necessary

implication, also found the requisite intent. Therefore, we hold that, while the verdict forms furnished to the jury were not drafted with desirable specificity and precision, the verdicts were not fatally defective.

We turn to the question concerning the admissibility of the testimony of the investigating officer, Deputy M. J. Spencer, that Maggie Ann Dagner and William Lewis Hawkes had complained to him that Jackson had shot them. The complaints were made at the police station after the officer, called at 3:00 a.m. to investigate, had approached Dagner and Hawkes and observed that they had sustained bullet wounds. We are unable to determine from the record how much time had elapsed after the shooting before the statements were made, but the victims had left the scene of the disturbance and proceeded to the police station before Spencer arrived.

■ To be admissible under the *res gestae* exception to the hearsay rule, the declarations of the victims must have been spontaneous. *Nicholaou* v. *Harrington*, 217 Va. 618, 622, 231 S.E.2d 318, 322 (1977); *Transit Company* v. *Brickhouse Adm'r*, 200 Va. 844, 847-48, 108 S.E.2d 385, 387-88 (1959). *See Jones* v. *Commonwealth*, 86 Va. 740, 10 S.E. 1004 (1890). There is insufficient evidence in the record to show that the declarations of Dagner and Hawkes were made at such time and under such circumstances as to constitute excited utterances, rather than deliberate narrative statements made to the investigating officer in the course of his investigation. Therefore, we hold that the trial court committed error in admitting the hearsay evidence as part of the *res gestae*. However, the question remains whether the error was harmless.

■ In addition to the victims three other eyewitnesses, Sherman Dagner, Lorenzo Johnson, and Delphine Yeatts, testified that Jackson committed the offenses. The only evidence presented by Jackson was his own testimony in which he admitted being present when the shots were fired but denied possessing a gun or firing the shots, testimony which the jury obviously found to be incredible. Relying on *Chapman* v. *California*, 386 U.S. 18, 23-24 (1967), *rehearing denied*, 386 U.S. 987 (1967), we have held that in a criminal case where the other evidence of guilt is overwhelming an error in admitting evidence which should have been excluded is harmless beyond a reasonable doubt and will not cause the conviction to be

reversed. *Goins v. Commonwealth*, 218 Va. 285, 237 S.E.2d 136 (1977); *Vass* v. *Commonwealth*, 214 Va. 740, 745, 204 S.E.2d 280, 284 (1974). Here, the other evidence against Jackson was overwhelming and we hold that the error in admitting the hearsay evidence was harmless beyond a reasonable doubt.

For the reasons assigned the judgments will be affirmed.

*Affirmed.*