COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Baker, Barrow[*], Benton,
    Koontz, Willis, Elder, Bray and Fitzpatrick
Argued at Richmond, Virginia


LEVON JOHNSON
                                         OPINION BY
v.  Record No. 0408-93-1         JUDGE JAMES W. BENTON, JR.
                                         JULY 5, 1995
COMMONWEALTH OF VIRGINIA


                  UPON A REHEARING EN BANC

    FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
            Kenneth N. Whitehurst, Jr., Judge

        Melinda R. Glaubke, Assistant Public Defender
        (Office of the Public Defender, on brief),
        for appellant.

        Richard B. Smith, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.


    Levon Johnson was convicted in a jury trial of attempted

unlawful wounding and use of a firearm in the commission of

attempted malicious wounding.  Johnson contends the firearm

conviction must be reversed because the trial judge in response

to a question from the jury, failed to inform the jury of the

applicable law.  In an unpublished opinion, a panel of this

Court, with one judge dissenting, held that Johnson had not

properly preserved the issue for appeal and affirmed the

convictions.  See Johnson v. Commonwealth, No. 0408-93-1 (Va. Ct.

App. Nov. 1, 1994).  The Court granted a rehearing en banc.  For

_____

        [*]Judge Bernard G. Barrow participated in the hearing and
decision of this case and joined in the opinion prior to his
death.

the reasons that follow, we reverse Johnson's conviction for use of the firearm.

I.

Johnson was indicted on charges of attempted malicious wounding in violation of Code §§ 18.2-26 and 18.2-51, and use of a firearm in the attempted commission of malicious wounding in violation of Code § 18.2-53.1. At the conclusion of the evidence, the trial judge instructed the jury regarding the elements of attempted malicious wounding, attempted unlawful wounding, and attempted assault and battery. The trial judge also instructed the jury as follows on the elements of the crime of use of a firearm in the attempted commission of malicious wounding:

> 1. That the defendant used a firearm; and
>
> 2. That the use was while committing or attempting to commit malicious wounding.

During its deliberations, the jury sent the following written inquiry to the trial judge: "If the defendant is guilty of attempted unlawful wounding, can he also be guilty of use of a firearm in the commission of a felony? The instructions provided to us do not address this." After the trial judge read the inquiry to counsel, the following exchange occurred:

> JUDGE: I think it's obvious the answer to that is, yes, they can find him guilty of use of a firearm in the commission of a felony as well as an unlawful wounding. That's a felony charge.
>
> Do you-all have anything further on that?

PROSECUTOR:  No, Your Honor.  It sounds logical.

DEFENSE COUNSEL:  Well, in [Code §] 18.2-53.1, it is a statute.  It just says malicious.

   *  *  *  *  *  *  *

PROSECUTOR:  It says malicious wounding as defined in [Code §] 18.2-51.  If we were to read that in the non-inclusive, then we would have to exclude aggravated malicious wounding.  So, therefore, the Commonwealth's opinion is that malicious is encompassed in all of [Code §] 18.2-51 because otherwise, if the court were to find as a fact that unlawful wounding is excluded, it would also have to find that aggravated malicious wounding is excluded.

   *  *  *  *  *  *  *

DEFENSE COUNSEL:  No.  Aggravated malicious wounding is specifically mentioned [Code §] 18.2-53.1.  It says, As defined in [Code §] 18.2-51.2, aggravated malicious wounding as defined.

JUDGE:  It would seem to me it does not fall within the statute.  It has to be while attempting murder, rape, robbery, burglary or malicious wounding as defined in [Code §] 18.2-51.  It does not include unlawful wounding.

PROSECUTOR:  This is the first time that I ever come across anything like that because we have -- that would affect it also, Your Honor.

DEFENSE COUNSEL:  But I also think that that's probably the reason that the instruction is worded the way it is.  It specifically says . . . the delineated felony.

PROSECUTOR:  I would still maintain that malicious wounding as defined in [Code §] 18.2-51 also includes unlawful.

         *       *       *       *       *       *       *

         JUDGE:   [W]e have two separate charges here;
         and I think rather than answering this
         question yes or no I should tell the jury
         that we have two separate charges, one of
         which is malicious wounding and one of which
         is use of a firearm in the commission of a
         felony, and they have to make a decision on
         each one individually; and they can make that
         decision either way they please.

         *       *       *       *       *       *       *

         DEFENSE COUNSEL:  Well, the only thing -- if
         that's what you're going to tell them, but
         that the instructions stand as they are?

         JUDGE:  Oh, yeah.  I'm not going to change
         the instructions.

         DEFENSE COUNSEL:  I mean the elements of the
         offense stand as they are stated in the
         instructions.

         JUDGE:  Um-hum.


After the jury was assembled in the courtroom, the judge

instructed the jury as follows:

         Ladies and gentlemen, you've submitted a
         question that reads:  If the defendant is
         guilty of attempted unlawful wounding, can he
         also be guilty of use of a firearm in the
         commission of a felony?  And the answer to
         that I'm afraid is going to be up to you.

         You have two separate charges.  You have
         the instructions that are before the court.
         You have the two separate charges, and it's
         up to you to make that decision on each of
         the charges.

         I will send you back with that thought.
         You have two separate charges, and it's up to
         you-all to make that decision.


The jury returned a verdict finding Johnson guilty of

attempted unlawful wounding and guilty of use of a firearm in the commission of a felony "as charged in the indictment." At Johnson's sentencing hearing, defense counsel made a motion to set aside the verdict on the ground that the trial judge failed to correctly state the law when responding to the jury's inquiry. She argued that the judge should have instructed the jury that Johnson could not be convicted of the firearm charge if the jury found him guilty of attempted unlawful wounding, rather than attempted malicious wounding as charged in the indictment. The trial judge denied the motion.

## II.

Code § 8.01-384(A) reads in pertinent part as follows:
Formal exceptions to rulings or orders of the court shall be unnecessary; but for all purposes for which an exception has heretofore been necessary, it shall be sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objections to the action of the court and his grounds therefor; . . . . No party, after having made an objection or motion known to the court, shall be required to make such objection or motion again in order to preserve his right to appeal, challenge, or move for reconsideration of, a ruling, order, or action of the court. No party shall be deemed to have agreed to, or acquiesced in, any written order of a trial court so as to forfeit his right to contest such order on appeal except by express written agreement in his endorsement of the order. Arguments made at trial via written pleading, memorandum, recital of objections in a final order, oral argument reduced to transcript, or agreed written statements of facts shall, unless expressly withdrawn or waived, be deemed preserved therein for assertion on appeal.

- 5 -

The primary function of the contemporaneous objection rule "is to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials."  Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992) (citing Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (en banc)).

After reading the inquiry, the trial judge stated "it's obvious the answer to that is, yes, they can find him guilty of use of a firearm in the commission of . . . unlawful wounding." Defense counsel responded, "Well, in 18.2-53.1 . . . [i]t just says malicious."  In the discussion that followed, defense counsel never waivered from that position.  The trial judge, however, ruled against her.  "Requiring [defense counsel] to 'object' after this refusal would, in effect, recreate the requirement of noting an exception to a final adverse ruling of the trial judge.  As we stated in Martinez v. Commonwealth, 10 Va. App. 664, 668, 395 S.E.2d 467, 470 (1990), aff'd as modified, 241 Va. 557, 403 S.E.2d 358 (1991), 'the requirement for an exception [has been] eliminated.'"  Martin, 13 Va. App. at 530, 414 S.E.2d at 404.  Thus, this issue was properly preserved for appeal.

### III.

Even if we were to assume that Johnson's counsel failed to make a timely objection, the failure to make a timely objection

will not bar consideration on appeal if good cause exists or if the ends of justice require consideration of the issue.  Rule 5A:18.  See Davis v. Commonwealth, 17 Va. App. 666, 673-74, 440 S.E.2d 426, 431 (1994); Campbell v. Commonwealth, 14 Va. App. 988, 989-90, 421 S.E.2d 652, 653 (1992) (en banc), aff'd in part, 246 Va. 174, 431 S.E.2d 648 (1993).  The Supreme Court of Virginia has recently and unequivocally reaffirmed the principle "that, when a principle of law is vital to a defendant in a criminal case, a trial court has an affirmative duty properly to instruct a jury about the matter."  Jimenez v. Commonwealth, 241 Va. 244, 250, 402 S.E.2d 678, 681 (1991).  That principle applies even when an objection has not been stated.  See id. at 245-46, 402 S.E.2d at 678.  The trial judge's "imperative duty [to properly instruct the jury] . . . is one which can neither be evaded nor surrendered."  Williams v. Lynchburg Traction & Light Co., 142 Va. 425, 432, 128 S.E. 732, 734 (1925).

The Code of Virginia contains no statute by which a defendant may be convicted of use of a firearm in the commission of unlawful wounding.  Cf. Code § 18.2-53.1.  "[A] violation [of Code § 18.2-53.1] occurs only when a firearm is used with respect to the [statutorily] specified felonies."  Bundy v. Commonwealth, 220 Va. 485, 488, 259 S.E.2d 826, 828 (1979).

The jury's inquiry manifested its concern about an obvious void in the instructions.  In order to discharge its function properly, the jury requested guidance because the instructions

- 7 -

were deficient regarding the requirements of the law.  The jury's inquiry unambiguously informed the trial judge that it was not properly instructed.  By failing to respond, "No," to the jury's inquiry, the trial judge failed to instruct the jury properly.  As a consequence, the jury returned a verdict that is contrary to Code § 18.2-53.1, and "[t]he jury convicted [Johnson] of the non-existent offense."  Bundy, 220 Va. at 488, 359 S.E.2d at 828.

For these reasons, we reverse the judgment of conviction for the firearm offense and dismiss the indictment.

Reversed.

MOON, C.J., concurring in part, dissenting in part.


I concur in the result reached by the majority; however I disagree with the statement that "the issue was properly preserved for appeal."  Counsel properly raised the same issue in the trial court he now raises on appeal when the jury asked its question.  However, when the trial court ultimately responded to that question, defense counsel agreed with the judge's answer. This was not the proper way to preserve an issue for appeal.

Notwithstanding counsel's agreement with the court's actions, the Supreme Court's ruling in Jimenez v. Commonwealth, 241 Va. 244, 250-51, 402 S.E.2d 678, 681 (1991), requires, in my opinion, reversal of the conviction.

Jimenez held that "when a principle of law is vital to a defendant in a criminal case, a trial court has an affirmative duty to instruct the jury about the matter," Id. at 250, 402 S.E.2d at 681, even when no objection is made.  Id. at 245-46, 402 S.E.2d at 678.

> The jury asked:
> "If the defendant is guilty of attempted unlawful wounding, can he also be guilty of use of a firearm in the commission of a felony?  The instructions provided do not address this."

I believe that the jury should have been told categorically that if the defendant was found guilty of attempted unlawful wounding, he could not be found guilty of use of a firearm in the commission of a felony.  The jury was told in effect that it

- 9 -

could bring back conflicting verdicts.  This the jury had the power to do, <u>Wolfe v. Commonwealth</u>, 6 Va. App. 640, 649–50, 371 S.E.2d 314, 319 (1988), but not the right or duty to do.  The court's answer had the effect of inviting the jury to indulge in jury nullification, which is not countenanced in the law of the Commonwealth.  <u>See</u> <u>Poyner v. Commonwealth</u>, 229 Va. 401, 329 S.E.2d 815 (1985).

As I interpret the jury's question, it probably had already determined the defendant was not guilty of attempted malicious wounding, but guilty only of unlawful wounding.  In such a case, it was the jury's clear duty upon being properly instructed to find the defendant not guilty of use of a firearm in the commission of a felony.

Because it appears probable that if the jury's question had been answered directly, and in the negative according to the law, the defendant would not have been convicted of the felony firearm charge, I believe a direct and negative answer to the jury's question was "vital to [the] defendant," and for that reason good cause exists for not applying the bar of Rule 5A:18.

I would reverse.

WILLIS, J., with whom Baker and Bray, J.J., join, dissenting.

The trial court gave no erroneous instruction. At issue here is not the correctness of the trial court's response to the jury's question, but rather the manner in which the trial court answered that question.

The trial court told the jury that they had instructions defining the two separate charges on trial and that they were to apply the evidence and determine whether either charge had been proven. The trial court instructed the jury that they were to make a decision on each charge. This instruction was correct. It was the duty of the jury to determine the merits of each charge separately, based upon the evidence and the court's instructions with respect to each charge. The instruction required by the majority opinion would have put the trial court in the position of participating improperly in the guilt-determination process.

When, after discussion with counsel, the trial court announced the response that it intended to give, defense counsel asserted no disagreement. Indeed, her response suggests acquiescence. Thus, counsel failed to preserve this issue for appeal. Rule 5A:18.

I perceive no reason to invoke the "ends of justice" exception of Rule 5A:18. Johnson deliberately fired a handgun at a security guard who was attempting to apprehend him lawfully. The evidence of those circumstances would have supported a

conviction of attempted malicious wounding.  A mere inconsistency in the jury's verdicts does not render the verdicts invalid.  <u>See</u> <u>Wolfe v. Commonwealth</u>, 6 Va. App. 640, 647, 371 S.E.2d 314, 318 (1988).

I would affirm the judgment of the trial court.