COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Elder and Annunziata
Argued at Salem, Virginia


GARLAND SCOTT HODGE
                                     MEMORANDUM OPINION[*] BY
v.        Record No. 0791-95-3       JUDGE LARRY G. ELDER
                                          APRIL 23, 1996
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF CARROLL COUNTY
                        Duane E. Mink, Judge


            Jonathon M. Venzie for appellant.

            Linwood T. Wells, Jr., Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


     Garland Scott Hodge (appellant) was convicted of robbery and

use of a firearm in the commission of a felony in violation of

Code § 18.2-53.1.  Appellant contends that the jury's verdict,

which found him guilty of the "use of a firearm," but did not

mention its use in the commission of a felony, is void.  We

disagree and affirm the judgment of the trial court.

     On September 15, 1992, an employee of Griffin's Grocery

Store in Carroll County, Virginia, was robbed by an armed, masked

man, later identified at trial as appellant.  Appellant was tried

before a jury on May 11, 1993, in the Circuit Court of Carroll

County.  At trial, the Commonwealth's Attorney explained to the

jury that the evidence would prove appellant was "guilty of

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

robbery and use of a firearm in commission of that robbery." The Commonwealth presented evidence that appellant used a firearm during the robbery. During closing argument, the Commonwealth's Attorney referred to the robbery having taken place "by the threat of presenting a firearm," and referred to appellant's use of a pistol to effectuate the robbery.

At the conclusion of all of the evidence, the trial court explained the two verdict forms as being for robbery and "the use of a firearm." On the latter charge, the trial court instructed the jury as follows:

> [T]he Defendant is charged with the crime of using a firearm, to wit, a pistol, while committing the crime of robbery. The Commonwealth must prove beyond a reasonable doubt each of the following elements of the crime--(1) that the Defendant used a firearm, to wit, a pistol, and (2) that the use was while committing or attempting to commit robbery. If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt each of the above elements of the offense as charged, then you shall find the Defendant guilty and fix his punishment at a term of imprisonment for two years. If you find that the Commonwealth has failed to prove beyond a reasonable doubt either element of the offense, then you shall find the Defendant not guilty.

The jury, in conformity with the verdict forms the trial court furnished, stated, "[w]e, the Jury, find the Defendant guilty of robbery and fix his punishment at ten years. Signed . . . Foreman. Also, we, the Jury, find the Defendant guilty of use of a firearm and fix his punishment at two years. Signed

-2-

. . . Foreman."  (Emphasis added).  The trial court entered judgment on the verdicts, from which appellant now appeals.

As the Supreme Court of Virginia has stated:

> In determining the validity of the jury's verdict, it is necessary to discern the true intent of the jury.  A verdict must demonstrate what a jury found or intended to find, and it is always to be read in connection with the indictment. . . .  We disregard technical irregularities in a verdict where the jury's finding is otherwise clear.  In Williams v. Commonwealth, 153 Va. 987, 994, 151 S.E. 151, 153 (1930), we stated that the court would "go far in the disregard of defects in verdicts which have been accepted by the trial courts, but from which, notwithstanding such defects, the real finding of the jury may be determined, though it may not be accurately couched in the technical language of the law."  See Jackson v. Commonwealth, 218 Va. 490, 237 S.E.2d 791 (1977).

Spear v. Commonwealth, 221 Va. 450, 454, 270 S.E.2d 737, 740 (1980).  The Supreme Court has also said that a reviewing court "will not presume that a jury has disregarded the instructions of the court[.]"  Jackson, 218 Va. at 493, 237 S.E.2d at 793.  Furthermore, while a verdict form furnished to a jury may not be drafted with desirable specificity and precision, this does not render a jury verdict fatally defective.  Id. at 493-94, 237 S.E.2d at 793.

In this case, the Commonwealth indicted appellant under Code § 18.2-53.1, for use of a firearm while committing robbery.  The Commonwealth tried appellant upon this charge and a charge of robbery.  The Commonwealth presented credible evidence proving

-3-

that appellant used a firearm while committing robbery.  The
Commonwealth's Attorney set forth the elements necessary to prove
the firearm charge in its opening statement and closing argument.
 The trial court then instructed the jury on the elements
necessary to convict appellant of use of a firearm in the
commission of a robbery.  In this case, "there is no question as
to the sufficiency of the evidence to convict, the correctness of
the instructions given by the court, the offense which the jury
found was committed[,] and the offense which the jury convicted
the defendant of committing."  Bacci v. Commonwealth, 213 Va.
236, 238, 191 S.E.2d 182, 183 (1972)(Harrison, J., dissenting).

Based on the foregoing, we affirm appellant's conviction.

Affirmed.