COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Benton and Coleman
Argued at Salem, Virginia


CARL ANTHONY McKENLEY
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1910-96-3    CHIEF JUDGE NORMAN K. MOON
                                         OCTOBER 28, 1997
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                   William N. Alexander, II, Judge

            Charles J. Strauss (H. Victor Millner, Jr.,
            P.C., on brief), for appellant.

            H. Elizabeth Shaffer, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


        Carl Anthony McKenley appeals his jury trial convictions of

unlawful wounding in violation of Code § 18.2-51 and use of a

firearm in the commission of malicious wounding in violation of

Code § 18.2-53.1.  McKenley asserts that (1) the trial court

improperly instructed the jury on the charge of use of a firearm;

(2) the evidence was insufficient to prove unlawful wounding and

use of a firearm in the commission of a malicious wounding; and

(3) the verdict form for unlawful wounding was invalid because it

failed to recite the requisite intent either specifically or by

reference to the indictment.  We disagree and affirm.

        Keith Harris, defendant Carl McKenley, and several other

people gathered at a private residence to drink and socialize.

_____

        [*]Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

Harris and McKenley began to argue. McKenley said he was leaving, but as he walked out the door, Harris grabbed him by the shirt and pulled him back inside. They began to fight, each swinging at the other. McKenley then shot Harris twice with a .38 caliber pistol, injuring him. McKenley testified that he found the gun in the living room, but other witnesses, including a defense witness, testified that McKenley took the weapon from his belt. McKenley went to the hospital, where an officer searching McKenley's clothing found five .38 caliber bullets. The officer testified that McKenley twice told him that if Harris came to the hospital, he would kill him.

McKenley was charged with malicious wounding and use of a firearm in the commission of a malicious wounding. The court instructed the jury as to the elements, including the requisite intent, of the charged crimes, as well as the lesser-included offenses of unlawful wounding and assault and battery. The jury, using a verdict form that lacked a recitation of the requisite intent for conviction of unlawful wounding but contained the phrase, "We, the jury, on the issue joined," convicted McKenley of unlawful wounding and use of a firearm in the commission of a malicious wounding.

<u>JURY INSTRUCTION</u>

McKenley asserts that the trial court improperly instructed the jury on the charge of use of a firearm in the commission of malicious wounding. He asserts that the jury's finding that he committed an unlawful, rather than malicious, wounding is

inconsistent with its finding of use of a firearm in the commission of a malicious wounding.

McKenley failed to object to the instruction at trial. Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Moreover, inconsistent verdicts are permissible if there is sufficient evidence to support them. See Wolfe v. Commonwealth, 6 Va. App. 640, 371 S.E.2d 314 (1988) (holding that an inconsistency between verdicts--acquittal of murder but conviction of use of a firearm in the commission of murder--does not require reversal of the firearm conviction). Because the record does not show any obvious miscarriage of justice, neither the ends of justice nor good cause permits waiver of the Rule 5A:18 bar. Commonwealth v. Mounce, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987).

SUFFICIENCY OF THE EVIDENCE

McKenley also asserts that the evidence was insufficient to support his convictions for unlawful wounding and use of a firearm while committing a malicious wounding. "On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

To convict a defendant of use of a firearm while committing

a malicious wounding, the fact finder must find beyond a reasonable doubt that the defendant was guilty of malicious wounding and used a firearm to commit the wounding.  "Intent may, and most often must, be proven by circumstantial evidence and the reasonable inferences to be drawn from proven facts are within the province of the trier of fact."  Fleming v. Commonwealth, 13 Va. App. 349, 353, 412 S.E.2d 180, 183 (1991).  Witnesses testified that McKenley pulled the gun from his belt and shot Harris twice.  A police officer testified that at the hospital McKenley twice said that he would kill Harris if Harris came to the hospital.  The officer also found bullets of the same type used to shoot Harris in McKenley's shirt pocket.  The jury was entitled to convict McKenley of inconsistent charges.  See Wolfe, 6 Va. App. at 650, 371 S.E.2d at 319-20.  The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that McKenley used a firearm while maliciously wounding Harris.

To convict a defendant of unlawful wounding, a lesser-included offense of malicious wounding, the fact finder must find beyond a reasonable doubt only that the defendant intended to cause the victim bodily injury and that the victim suffered bodily injury.  Because the Commonwealth's evidence was sufficient to prove beyond a reasonable doubt that McKenley maliciously wounded Harris, it follows that the evidence was sufficient to prove unlawful wounding.

## VALIDITY OF THE VERDICT FORM

Finally, McKenley asserts that the unlawful wounding verdict form was invalid because it failed to specify that he wounded Harris with an intent to maim, disfigure, disable, or kill.

In Jackson v. Commonwealth, 218 Va. 490, 237 S.E.2d 791 (1977), the Supreme Court of Virginia upheld verdicts which did not specify the requisite intent on the verdict form but did include the phrase, "We, the jury on the issue joined, unanimously find the defendant . . . guilty . . . ." Id. at 492, 237 S.E.2d at 792 (emphasis added). The Court held that the requisite intent was "necessarily implied" in the verdict. Id. at 492, 237 S.E.2d at 793. The Court reasoned that the jury's finding was based "on the issue joined," which initially was framed by the indictments containing the necessary intent, and thus the verdict forms were valid because the jury's finding of intent could be determined by its verdict. Id.

McKenley's verdict form included the phrase, "on the issue joined." Additionally, the instructions defining unlawful wounding included the requisite intent. McKenley's conviction for unlawful wounding is therefore not invalid merely because the verdict form lacked recitation of the requisite intent.

Affirmed.

Benton, J., concurring and dissenting.


I concur in the portions of the opinion styled <u>Sufficiency of the Evidence</u> and <u>Validity of the Verdict Form</u>, and, therefore, I would affirm the conviction of unlawful wounding.  However, I would reverse the conviction for use of a firearm in the commission of malicious wounding.

This Court's ruling that a jury's inconsistent verdicts does not provide a ground for reversal, see <u>Wolfe v. Commonwealth</u>, 6 Va. App. 640, 649-50, 371 S.E.2d 314, 319-20 (1988), is clearly subject to the general rule that the jury must be guided by proper instructions.  See <u>Dowdy v. Commonwealth</u>, 220 Va. 114, 116, 255 S.E.2d 506, 508 (1979).  A concomitant rule is that "when a principle of law is vital to a defendant in a criminal case, a trial [judge] has an affirmative duty properly to instruct a jury about the matter."  <u>Jimenez v. Commonwealth</u>, 241 Va. 244, 250, 402 S.E.2d 678, 681 (1991).  "That principle applies even when an objection has not been stated . . . [because the] trial judge's 'imperative duty [to properly instruct the jury] . . . is one which can neither be evaded nor surrendered.'" <u>Johnson v. Commonwealth</u>, 20 Va. App. 547, 554, 458 S.E.2d 599, 602 (1995) (citation omitted).

The jury was given two verdict forms.[1]  The record establishes that the verdict form that the jury was given for the

[1]One form gave the following four options:

> WE, THE JURY, ON THE ISSUE JOINED, FIND THE DEFENDANT, CARL ANTHONY MCKENLEY, GUILTY OF MALICIOUSLY CAUSING BODILY INJURY, AS CHARGED IN THE INDICTMENT.
>
> _____
> FOREMAN

> WE, THE JURY, ON THE ISSUE JOINED, FIND THE DEFENDANT, CARL ANTHONY MCKENLEY, GUILTY OF UNLAWFUL WOUNDING.
>
> _____
> FOREMAN

> WE, THE JURY, ON THE ISSUE JOINED, FIND THE DEFENDANT, CARL ANTHONY MCKENLEY, GUILTY OF ASSAULT AND BATTERY, AND FIX HIS PUNISHMENT AT _____.
>
> _____
> FOREMAN

> WE, THE JURY, ON THE ISSUE JOINED, FIND THE DEFENDANT, CARL ANTHONY MCKENLEY, NOT GUILTY.
>
> _____
> FOREMAN

The other form gave the jury the following two options concerning the gun charge:

> WE, THE JURY, ON THE ISSUE JOINED, FIND THE DEFENDANT, CARL ANTHONY MCKENLEY, GUILTY OF USE OF A FIREARM IN THE COMMISSION MALICIOUS BODILY INJURY, AS CHARGED IN THE INDICTMENT.
>
> _____
> FOREMAN

> WE, THE JURY, ON THE ISSUE JOINED, FIND THE DEFENDANT, CARL ANTHONY MCKENLEY, NOT GUILTY OF USE OF A FIREARM.
>
> _____
> FOREMAN

firearm charge is patently defective.  The jury's request for "an explanation and relationship to the number of verdicts" confirms the jury's lack of understanding of the relationship of the various charges and the corresponding verdict forms.

After the jury began its deliberations, it requested an explanation of the forms.  The following colloquy occurred:

THE JUDGE:      Alright, Mr. Foreman, you have a question?

FOREMAN:        Yes sir.

THE JUDGE:      Yes sir.

FOREMAN:        What I wanted was just an explanation and relationship to the number of verdicts, the two forms.  We have two papers.

THE JUDGE:      Right.

FOREMAN:        So this one is clear as far as making a decision one of the others.

THE JUDGE:      Right.  That's right.  That's on the use of the firearm.

FOREMAN:        Yes sir.

THE JUDGE:      Yes sir.

FOREMAN:        This one we have four, so should it be one of the four?

THE JUDGE:      Yeah, one out of the four. It's either not guilty, guilty of an assault, guilty of unlawful wounding, or guilty of malicious wounding, one out of the four.

FOREMAN:        Okay, one out of the two, one out of the four.

THE JUDGE:      Right, that's right.  Okay,

thank you all.  Alright, Court
will be recessed.

That colloquy clearly demonstrates that the patent defect in
the firearm verdict likely contributed to the jury finding
McKenley guilty of the use of a firearm in the commission of a
malicious wounding even though the jury found McKenley "guilty of
unlawful wounding."  The firearm verdict form does not inform the
jury that McKenley was not guilty of the charged firearm offense
if he did not use a firearm "in the commission of a malicious
bodily injury."  The form states "We . . . find the defendant
. . . not guilty of use of a firearm."  As worded, the verdict
form conveys to the jury the implication that McKenley could only
be not guilty of the firearm charge if he did not "use . . . a
firearm."  Thus, an "obvious void" exists on the face of the
verdict form.  Johnson v. Commonwealth, 20 Va. App. 547, 554, 458
S.E.2d 599, 602 (1995).

The verdict form did not sufficiently inform the jury that
proof that McKenley used a firearm was not a sufficient basis to
convict McKenley.  The undisputed evidence proved that McKenley
used a firearm.  Only if he used the firearm in the commission of
malicious wounding, the charge of which he was acquitted, could
he have been convicted of the firearm charge.  See Code
§ 18.2-53.1.

Defense counsel failed to object to the lack of clarity in
the instruction or in the oral explanation.  However, I would
hold that the lack of objection does not prevent this Court from

- 9 -

considering this issue on appeal as an exception to Rule 5A:18, see Jimenez, 241 Va. at 250, 402 S.E.2d at 681, and I would reverse the conviction for use of a firearm in the commission of malicious wounding.  I dissent.