COURT OF APPEALS OF VIRGINIA


Present:    Judges Clements, Haley and Beales
Argued at Richmond, Virginia


ROBERT ANTHONY RAIKES

                                                    MEMORANDUM OPINION* BY
v.        Record No. 2140-06-2                      JUDGE RANDOLPH A. BEALES
                                                         OCTOBER 23, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
Cleo E. Powell, Judge

(James M. Goff II; Goff & Midkiff, PLLC, on brief), for appellant.
Appellant submitting on brief.

Joshua M. Didlake, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Robert Anthony Raikes (appellant) appeals from his conviction following a bench trial

of driving under the influence, third offense, in violation of Code § 18.2-266.[1]  Appellant

contends the trial court erred in denying his motion to strike the evidence, in which he argued

the Commonwealth did not prove the offense occurred on the date alleged in the indictment.

For the reasons that follow, we affirm.

BACKGROUND

Because we did not grant a review of the overall sufficiency of the evidence, only a

brief recitation of the facts relevant to the issue in this appeal is necessary.  Those facts are not

in dispute.

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] In addition, appellant pled guilty to driving on a suspended license, in violation of
Code § 46.2-301.

Appellant's grand jury indictment stated that he was charged with driving under the influence "on or about the 4th of October, 2005, in the City of Colonial Heights." The arresting officer, Stacy Arehart, was the Commonwealth's sole witness. On direct examination, the Assistant Commonwealth's Attorney asked Officer Arehart, "were you on duty October *14*, 2005?" (Emphasis added.) Arehart answered in the affirmative. Her testimony further described the encounter that she had with appellant, including his arrest for driving under the influence.

At the conclusion of the Commonwealth's case-in-chief, appellant moved to strike the evidence, arguing *inter alia*, "the officer's testimony indicated that these events happened on October 14, 2005. The arrest, as indicated in the warrant, is October 4th, 2005, and as such they're not material to the arrest of October 4th." The Assistant Commonwealth's Attorney, in response, admitted misspeaking "as to the date and time" in her question to Officer Arehart. The trial court denied the motion to strike, noting, "The correct date is on the summons. I don't find that to be fatal as to Mr. Raikes' ability to know what he's charged with on the day on which he's charged." Neither appellant nor the trial court discussed the issue further.

Appellant's co-worker, David Deal, testified for the defense. On direct examination, Deal was asked, "Were you present in Hooters on October 4th with [appellant]?" Deal answered, "Yes, sir, I was," and then recounted his observations of appellant in the hours preceding appellant's arrest.

Appellant again moved to strike the evidence at the close of the case, "suggest[ing] to the Court to incorporate [the] earlier arguments." The trial court denied the motion and found appellant guilty of the charged offense. This appeal followed.

ANALYSIS

On brief, appellant specifically contends "*the lack of any evidence* in the record of the offense date charged is fatal to the Commonwealth proving that the crime testified to was the one charged in the indictment charging the offense date of October 4th." (Emphasis added.) Consequently, appellant argues the trial court should have sustained his motion to strike the evidence since "the incident testified to by Officer Arehart occurred on October 4, 2005, not October 14th, as she maintained throughout her testimony."

Initially, we note that, in order to preserve an issue for appeal, Rule 5A:18 requires that a specific objection, "stated together with the grounds therefor," be presented to the trial court. "The primary function of the contemporaneous objection rule 'is to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials.'" Johnson v. Commonwealth, 20 Va. App. 547, 553, 458 S.E.2d 599, 601 (1995) (*en banc*). Here, in his motion to strike at the close of the Commonwealth's case-in-chief, appellant argued that the Commonwealth incorrectly "indicated that these events happened on October 14th, 2005" when, in fact, the arrest occurred on October 4, 2005. That motion, while appropriately "alert[ing] the trial judge to the possible error," was denied, and appellant, thereafter, presented evidence.

When an appellant moves to strike the evidence and later presents evidence on his own behalf, he waives the ability to stand on the earlier motion to strike. See Tolley v. Commonwealth, 216 Va. 341, 347, 218 S.E.2d 550, 555 (1975); Orange v. Commonwealth, 191 Va. 423, 428, 61 S.E.2d 267, 269 (1950). An appellant must renew the motion to strike, and the validity of that motion will then "be determined from the entire record." Tolley, 216 Va. at 347, 218 S.E.2d at 555.

In this case, appellant did renew his motion to strike to the trial court at the close of the presentation of evidence, but appellant elicited testimony from his own witness, David Deal, that confirmed the arrest occurred on October 4, 2005. Therefore, based upon an examination of the entire record, it is clear that the correct date of appellant's arrest was in evidence. Accordingly, appellant's contention that the record lacks any reference to the date of his arrest completely lacks merit.

Furthermore,

> When time is not an element of the crime charged, the [] verdict will stand if the evidence is sufficient to prove beyond a reasonable doubt that a crime occurred and that the defendant committed the crime, even though the evidence is such that there may be a reasonable doubt as to the day on which the offense occurred.

Marlowe v. Commonwealth, 2 Va. App. 619, 623-24, 347 S.E.2d 167, 170 (1986). Time is not an element of driving under the influence. See Code § 18.2-266. Consequently, the Commonwealth was not required to prove the exact date of appellant's arrest in order to convict him of driving under the influence, third offense.

CONCLUSION

For the reasons stated above, we affirm appellant's conviction.

Affirmed.